UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH BARFIELD,

    Plaintiff,

v.                                Case No. 3:24-cv-601-MMH-PDB

RICKY DIXON, et al.,

    Defendants.

## ORDER

Plaintiff Kenneth Barfield, an inmate of the Florida penal system, initiated this action on June 7, 2024, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) with exhibits (Doc. 1-1). In the Complaint, he names the following Defendants: (1) Secretary Ricky Dixon, (2) Sergeant S. Pate, (3) Classification Officer T.R. Mudd, (4) Classification Officer H. Brown, (5) Assistant Warden Christina Crews, (6) Classification Officer S. Schwartz, (7) Dr. Erron Campbell, (8) Medical Director Thomas Reimers, and (9) Dr. Asbelti Llorens. Complaint at 2–4. Barfield raises Eighth Amendment claims against all Defendants. Id. at 3.

As to the specific facts underlying his claims, Barfield alleges that on December 28, 2023, he received a greasy spoon with food on it during the evening meal. Id. at 8, 9. According to Barfield, he asked Sergeant Pate if he

could have another spoon, and Sergeant Pate responded "No, go rinse it off in the drink fountain." Id. at 9. Barfield returned to his seat and "plann[ed] on making do with the dirty spoon." Id. He alleges that Officer Phillips and Sergeant Tucker subsequently entered the chow hall. Id. He showed them the dirty spoon; Sergeant Tucker frowned and nodded his head "as if to say, 'I'll go get you a clean one from the kitchen.'" Id. Sergeant Pate approached Barfield and said, "What I told you?" Id. Barfield asserts that Sergeant Pate lifted him and slammed him to the ground on his back. Id. Sergeant Pate allegedly dropped his weight on Barfield and pressed his elbow into Barfield's throat. Id. Sergeant Pate did not remove his elbow until Officer Phillips and Sergeant Tucker returned from the kitchen. Id. at 9–10. According to Barfield, Sergeant Pate then placed him in handcuffs. Id. at 10.

   As a result of the use of force, Barfield alleges he sustained injuries to his face and back. Id. at 8. Specifically, he asserts the injury to his back exacerbated his degenerative disk disease. Id. at 10. Barfield maintains that he "has had [the disease] for over twenty years, and [] the Florida Department of Corrections and the medical service providers have known about [it] for that entire length of time." Id. Since the incident, Barfield "has had two more xrays, both of which came with a recommendation that if the plaintiff's symptoms persisted, an MRI was recommended . . . . This has been the case since the

2

Department of Corrections has been aware of Barfield's medical condition, and the incident described in this complaint has done nothing [to] change the Department's inaction." Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S.

---

[1] Barfield proceeds as a pauper. See Order (Doc. 5).

at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

5

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Barfield's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc.

6

v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Barfield appears to sue Secretary Dixon and Assistant Warden Crews based on their supervisory positions. Complaint at 6. The Eleventh Circuit has held that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Keith v. DeKalb Cnty., 749 F.3d 1034, 1047–48 (11th Cir. 2014).

> Causation "may be established and supervisory liability imposed where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." Id.[3] (alterations adopted) (internal quotation marks omitted). "A plaintiff can also show that the absence of a policy led to a violation of constitutional rights." Piazza,[4] 923 F.3d at 957. "Either way, though, to prove that a policy or its

---

[3] Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999).
[4] Piazza v. Jefferson Cnty., 923 F.3d 947 (11th Cir. 2019).

7

> absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." Id. (citation omitted). And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates. Id. at 957–58.

Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022).

Barfield has not alleged Secretary Dixon and Assistant Warden Crews personally participated in the alleged violation of his rights. He also sets forth no facts to suggest a causal connection between their actions and the incident, such as a history of widespread abuse or the existence of a custom or policy that resulted in the alleged violation. Barfield asserts only that Assistant Warden Crews "corroborated with her officers to cover up [the] assault." Complaint at 4. However, such a conclusory allegation, by itself, is insufficient to state a claim for relief. Therefore, the claims against Secretary Dixon and Assistant Warden Crews are due to be dismissed without prejudice.

As to Classification Officer Mudd, Barfield alleges that she "did not follow disciplinary court rules and procedure," presumably during the disciplinary hearing that arose from the incident. Complaint at 6. According to Barfield, Correctional Officer Mudd sentenced him to thirty days in confinement, but "supplied no evidence whatsoever, and only based her finding of guilt on 'officer statements.'" Id. The Court finds that Barfield does not plead

8

any facts to allege how Classification Officer Mudd violated his Eighth Amendment rights based on her involvement in the disciplinary hearing. And, to the extent Barfield intends to raise a due process claim against Classification Officer Mudd, he still fails to state a claim for relief. The Supreme Court has identified two circumstances in which a prisoner may be further deprived of liberty such that due process is required: (1) "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court"; and (2) "when the state has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Kirby v. Siegelman, 195 F.3d 1285, 1291 (11th Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). In these two instances, a prisoner is entitled to advanced written notice of the charges, a written statement by the factfinders detailing the evidence relied on and the reasons for the disciplinary action, and an opportunity to call witnesses and present documentary evidence at a disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974).

Here, Barfield has not alleged a deprivation of a constitutionally protected liberty interest. Although he asserts Classification Officer Mudd sentenced him to thirty days in confinement, "he has not alleged that the

9

conditions of such confinement presented 'the type of atypical, significant deprivation' that creates a liberty interest." Allen v. Sec'y, Fla. Dep't of Corr., 578 F. App'x 836, 839 (11th Cir. 2014) (per curiam);[5] see also Sandin, 515 U.S. at 486 (finding 30 days in disciplinary segregation did not trigger due process protections where the conditions of disciplinary segregation were not significantly different from the conditions outside disciplinary segregation). Accordingly, Barfield fails to state a claim for relief against Classification Officer Mudd.

Barfield also alleges Classification Officers Brown and Schwartz erroneously denied his grievances about the disciplinary report arising from the incident. See Complaint at 6–7. Again, Barfield does not plead any facts to allege how these Defendants violated his Eighth Amendment rights based on their involvement in the grievance process. Insofar as Barfield alleges that Classification Officers Brown and Schwartz denied him due process in the grievance procedure, such allegations fail to state a claim because inmates have "no constitutionally protected liberty interest in access to the prison's grievance procedure." Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir.

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

2014) (citing Bingham, 654 F.3d at 1177; Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)); see Charriez v. Sec'y, Fla. Dep't of Corr., 596 F. App'x 890, 895 (11th Cir. 2015) (finding the district court did not err in dismissing the plaintiff's claim that the defendants "had violated his constitutional due-process rights by failing to take corrective action during the appeal of the suspension of his visitation privileges [b]ecause the prison grievance procedure does not create a protected liberty interest"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (finding the plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures"). Thus, Barfield's claims against Correctional Officers Brown and Schwartz are due to be dismissed without prejudice.

Lastly, Barfield asserts that Dr. Campbell, Medical Director Reimers, and Dr. Llorens displayed "deliberate indifference" to his injuries. Complaint at 7. Liberally read, the Complaint does not include allegations sufficient to support a claim for an Eighth Amendment violation against these Defendants. Barfield's claims are conclusory in nature and devoid of facts that would allow the Court to draw a reasonable inference that Defendants violated his constitutional rights. Indeed, he pleads no specific facts connecting any of the

Defendants to the alleged constitutional violations. As such, the Court will dismiss them from this action.

Therefore, it is now **ORDERED:**

1. The claims against Defendants Dixon, Mudd, Brown, Crews, Schwartz, Campbell, Reimers, and Llorens are **DISMISSED without prejudice**. The **Clerk** shall terminate them as Defendants in this case.

2. Barfield's claim against Defendant Pate will proceed. A separate Order will enter regarding service of process on the remaining Defendant.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of July, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 7/23
c:   Kenneth Barfield, #081925